# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.S. & C.S.**

**No. 13-0163** (Hardy County 12-JA-002 & 12-JA-003)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stepfather filed this appeal, by counsel Lawrence Sherman Jr., from a January 23, 2013 order of the Circuit Court of Hardy County that terminated his parental rights to T.S. and C.S. The guardian ad litem for T.S., Marla Harman, and the guardian ad litem for C.S., John Treadway Jr., have filed a joint response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, filed a summary response in support of the circuit court's order. On appeal, Petitioner Stepfather argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is married to the biological mother of the minor children T.S. and C.S. In February of 2011, the DHHR received a referral alleging that the biological mother tasered C.S. Then in May of 2011, the DHHR received another referral alleging that the home was covered in animal feces and urine. In January of 2012, the DHHR received another referral alleging educational neglect of T.S because she missed twenty-nine days of school. After the allegations were substantiated, the DHHR filed its petition in the instant case. The petition alleged educational neglect and neglect for failing to provide adequate housing with regard to T.S.[1] Petitioner Stepfather stipulated to educational neglect and exposing T.S. to unsanitary and unfit living conditions, which household conditions resulted in the family being evicted and homeless. The circuit court granted Petitioner Stepfather a six-month post-adjudicatory improvement period. The circuit court directed Petitioner Stepfather to address his employment, housing, parenting, and hygiene issues. At the close of the initial improvement period, Petitioner Stepfather filed a motion for an extension of his improvement period.

By order entered on September 26, 2012, the circuit court granted Petitioner Stepfather's motion for an extension of improvement period. The circuit court ruled that Petitioner Stepfather had not addressed the issues related to housing, employment, and "other noted concerns" but granted him a ninety-day extension because he was partially compliant. Following the

---

[1] At the time of the filing, C.S. was already in the custody of the DHHR, having previously been adjudicated a delinquent child.

dispositional hearing in January of 2013, the circuit court terminated Petitioner Stepfather's parental rights, finding that he made only minimal improvements over the pendency of this case, and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.[2] Petitioner Stepfather appeals this termination.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Stepfather argues that the circuit court erred in finding that he had not substantially corrected the issues which led to the removal of the children. Petitioner Stepfather argues that he is willing to cooperate with a reasonable family case plan and has substantially followed through with the family case plan to the best of his ability. In response, the DHHR notes that Petitioner Stepfather completed most of the services provided to him but failed to benefit from those services. As a result, Petitioner Stepfather failed to make a meaningful change because the issues that led to the filing of the initial petition reappeared. Both guardians ad litem support the circuit court's decision, arguing that Petitioner Stepfather was clearly unwilling to eliminate or take any steps to correct the conditions that led to the filing of the underlying petition.

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Stepfather's parental rights. West Virginia Code § 49-6-5(a)(6), in pertinent part, directs that circuit courts shall, "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child, terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent . . . ." In *W.Va. Dept. of Human Serv. v. Peggy F.*, 184 W.Va. 60, 64, 399 S.E.2d 460, 464 (1990) we stated that,

---

[2]The biological mother's parental rights terminated. By memorandum decision entered on June 28, 2013, the Court affirmed the circuit court's order terminating her parental rights in West Virginia Supreme Court of Appeals Docket No. 13-0167.

it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.' Thus, a judgment regarding the success of an improvement period is within the court's discretion regardless of whether or not the individual has completed all suggestions or goals set forth in family case plans.

*In Interest of Carlita B.*, 185 W.Va. 613, 626, 408 S.E.2d 365, 378 (1991). As part of Petition Stepfather's improvement plan he was to receive a psychological evaluation and was directed to participate in adult life skills and individualized parenting classes. More specifically, Petitioner Stepfather was to obtain employment; maintain a safe, clean, and stable home; and to address personal hygiene issues. The record shows that Petitioner Stepfather failed to follow through with the family case plan and improve the circumstances that led to the filing of the instant petition. The circuit court found that "[d]ogs continue to play a prominent role in the home . . . [and] that minimal improvement has been made during the pendency of two improvement periods." A DHHR worker testified that Petitioner Stepfather almost immediately moved new dogs into home. The worker also testified that the home was not fit or sanitary due to the presence dog feces and urine as well as animal carcasses.[3] Additionally, Petitioner Stepfather failed to complete his parent skills course. Pursuant to West Virginia Code § 49-6-5(b)(3), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Stepfather's parental rights.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]The abuse and neglect petition alleged that the floors in the home were covered with animal feces and urine.